UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GALAXY FOODS LLC,

                Plaintiff,                Case No. 23-cv-11476

v.                                  Paul D. Borman
                                  United States District Judge

ARYZ TRADING LLC,

                Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT ARYZ TRADING LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) (ECF NO. 11)

This is an action asserting trademark infringement and unfair competition under federal and state law arising out of Defendant Aryz Trading LLC's alleged unauthorized importing, distributing, and selling of Klatchi Nut products in violation of Plaintiff Galaxy Foods LLC's federally registered trademarks for "Klatchi Nuts."

Now before the Court is Defendant Aryz Trading LLC's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 11). The motion has been fully briefed. The Court does not believe that oral argument will aid in its disposition of this motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

1

For the reasons discussed below, the Court denies Defendant's Motion to Dismiss.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.    Relevant Facts

For the purposes of a motion to dismiss, the Court takes the factual allegations in Plaintiff's Amended Complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to Plaintiff's Amended Complaint, Plaintiff Galaxy Foods LLC is a wholesale food company that imports special food products into the United States and distributes them to its customers. (ECF No. 3, First Amended Compl. (FAC) ¶ 1.) Plaintiff owns the trademarks for "Klatchi Nuts" in the United States, USPTO Registration Numbers 5943338 and 5959407. (*Id.* ¶ 2, citing Trademark Registrations at Ex. A, PageID.31-32.)

Plaintiff alleges that Defendant Aryz Trading LLC has been intentionally and illegally importing, distributing, and selling Klatchi nut products in the United States and in violation of Plaintiff's trademarks. (*Id.* ¶ 4, citing https://aryzwholesale.com/ and https://aryzwholesale.com/search?q=klatchi%20 at Ex. B, PageID.34-35.)

On May 17, 2023, Plaintiff sent Defendant a cease and desist letter. (*Id.* ¶ 5, citing 5/17/2023 Letter at Ex. C, PageID.37-38.) In the letter, Plaintiff informs

2

Defendant that Plaintiff owns the trademarks for "Klatchi Nuts" in the United States, USPTO Registration Numbers 5943338 and 5959407, and that Defendant "ha[s] been intentionally and illegally importing and distributing Klatchi nut products into the US and in violation of [Plaintiff's] intellectual property, i.e., trademarks." (*Id.* PageID.37-38.) Plaintiff states that Defendant's "unauthorized and intentional interference of [Plaintiff's] trademarks and its business relationships constitutes unfair competition,[] gives rise to civil claims in tort," and "constitutes trademark infringement, false designation of origin and unfair competition." (*Id.*) Plaintiff demands, among other things, that Defendant cease and desist its illegal importation, sale, and distribution of Klatchi Nuts in the United States and that Defendant agree to never register for any mark containing Klatchi Nuts and provide an accounting of all revenues generated as a result of sales of products containing Klatchi Nuts. (*Id.*)

Defendant did not respond to the cease and desist letter and did not stop importing, distributing, and selling Klatchi Nut products in the United States. (ECF No. 3, FAC ¶¶ 6, 18.)

## B.    Procedural History

On June 21, 2023, Plaintiff Galaxy Foods LLC filed its original Complaint against Defendant Aryz Trading LLC. (ECF No. 1, Compl.) On June 22, 2023, the

Court struck that Complaint because the type size used did not comply with E.D. Mich. LR 5.1(a)(3). (ECF No. 2.)

On June 27, 2023, Plaintiff filed its Amended Complaint against Defendant. (ECF No. 3, FAC.) Plaintiff asserts three claims: (1) Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114; (2) False Designation of Origin under the Lanham Act, 15 U.S.C. § 1125(a); and (3) Common law Trademark Infringement and Unfair Competition under Michigan law. (*Id.*)

On August 25, 2023, Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 11, Def. Mot.) Defendant contends that the manufacturer and owner of the "Klatchi Nuts" mark is a company located in Lebanon called Universal Need, and that Defendant and Plaintiff both purchase and distribute the exact same goods from that manufacturer. Defendant argues that Plaintiff's claims fail because Plaintiff merely imports and distributes Klatchi Nuts and has no ownership or right to the "Klatchi Nuts" mark, and that Plaintiff's registration of the mark is at odds with its actual ownership.

On September 7, 2023, Plaintiff filed a Response in opposition to Defendant's Motion to Dismiss. (ECF No. 15, Pl. Resp.) Plaintiff contends that it is the legitimate owner of the Klatchi Nuts mark, relying on a signed, but not notarized, "affidavit" of Tarek Abou-Harb, the "owner of Galaxy Foods LLC." (*Id.* citing Abou-Harb Aff.

4

at PageID.93-95.) Abou-Harb avers that he came up with the name for Klatchi nuts in 2015 and that he contacted a "facilitator in Lebanon" named Ammar Richani, to find a local factory to package the Klatchi Nuts products. (ECF No. 15, Abou-Harb Aff., PageID.93-95.) Over the next three years, Richani first used a factory called Al Amira in Koura, Lebanon to pack Klatchi canned nuts, and then used another unnamed factory after that. (*Id.*) Abou-Harb then stopped working with Richani, and in June 2019 Abou-Harb applied to trademark Klatchi Nuts and the Klatchi Nuts logo in the United States, which marks were registered in December 2019. (*Id.*) Abou-Harb states that he is currently investing money into marketing, producing, and expanding the Klatchi Nut products in factories in Turkey, but that he believes a company in Lebanon called Universal Need is producing nut products and labelling them Klatchi Nuts and selling them to importers in the United States. (*Id.*)

Defendant filed a Reply brief in support of its Motion to Dismiss on September 21, 2023. (ECF No. 18, Def. Reply.) Defendant contends that the Abou-Harb statement attached to Plaintiff's Response should be stricken because it is missing a proper assertion under penalty of perjury and is undated, and thus fails to comply with the requirements of a declaration under 28 U.S.C. § 1746. Defendant also argues that, on a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters extraneous to the pleadings, such as the Abou-Harb statement.

5

Finally, Defendant contends that the Abou-Harb Statement, even if considered, reinforces Defendant's argument that Plaintiff is not the owner of the Klatchi mark because the Statement indicates that manufacturers are no longer producing Klatchi nuts.

On September 25, 2023, Plaintiff filed a Second Affidavit of Tarek Abou-Harb. (ECF No. 19, Second Aff. of Tarek Abou-Harb.) This Second Affidavit is mostly similar to the affidavit attached in support of Plaintiff's Response brief, but also "swear[s] under oath that the statements in this affidavit contain the truth, the whole truth and nothing but the truth," and that Plaintiff "ha[s] continuously used the Klatchi nuts [mark] in commerce since 2016." (*Id.*) The Second Affidavit is dated September 25, 2023, signed by Tarek Abou-Harb, and that signature is notarized. (*Id.*)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and

6

conclusions.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Id*. at 539 (internal citations and quotation marks omitted); *see also Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). In other words, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) ("To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is the defendant who "has the burden of showing that the plaintiff has failed to state a claim for relief." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

7

In ruling on a motion to dismiss, the Court may consider the complaint as well as: (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims; (2) matters of which a court may take judicial notice; (3) documents that are a matter of public record; and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings…. [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."); *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).

8

## III. ANALYSIS

### A. The Court Will Not Consider Additional Documents That Are Not Attached To The Pleadings

Plaintiff attached an undated, unnotarized "affidavit" to his Response brief, and then subsequently separately filed a signed, dated, and notarized Second Affidavit. (ECF No. 15, Abou-Harb Aff., PageID.93-95) (ECF No. 19, Abou-Harb Second Aff., PageID.105-08.) Defendant argues that the Court is not permitted to consider matters outside the pleadings, like these affidavits, when considering a Rule 12(b)(6) motion.

Defendant is correct. When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must not consider matters outside of the pleadings. *Excel Homes, Inc. v. Locricchio*, 7 F. Supp. 3d 706, 710 (E.D. Mich. 2014). In addition, "a plaintiff may not amend his complaint by adding factual allegations as a part of a response in opposition to a motion to dismiss." *Becton v. Corrections Corp. of Am.*, No. 3:16-2282, 2017 WL 1461632, at *2 (M.D. Tenn. Mar. 28, 2017), *report and recommendation adopted by* 2017 WL 1450604 (M.D. Tenn. Apr. 24, 2017); *see also Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *8 (E.D. Mich. Oct. 29, 2014) ("[I]t is axiomatic that a plaintiff may not amend his complaint through allegations made in a response to a motion to dismiss.") (citing

*Jocham v. Tuscola Cnty.*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003)), *report and recommendation adopted by* 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). This means that a plaintiff "may not attempt to amend [its] complaint through a response to a motion to dismiss, and affidavits attached to briefs may not properly be considered at the motion to dismiss stage." *Cole v. Mauldin*, No. 14-11325, 2015 WL 806908, at *6 (E.D. Mich. Feb. 26, 2015) (citing *Jocham*, 239 F. Supp. 2d at 731); *see also Rudd v. City of Norton Shores*, No. 18-CV-124, 2018 WL 3751399, at *4 (W.D. Mich. Aug. 8, 2018) (refusing to consider an affidavit filed in support of a Rule 12(b)(6) motion despite movant's argument that "a court may consider an affidavit that merely 'clarifies' facts alleged in a complaint" because doing so "would obliterate the distinction between a Rule 12(b)(6) motion to dismiss and a Rule 56 motion for summary judgment."), *aff'd in part, rev'd in part and remanded on other grounds*, 977 F.3d 503 (6th Cir. 2020).[1]

Plaintiff fails to cite any authority which would allow this Court to consider either of the Abou-Harb affidavits at this stage of the litigation. Thus, the Court will

---

[1] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court declines to consider the extraneous documents and, therefore, need not convert the present motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

not consider either Abou-Harb's original undated, unnotarized "affidavit" included with his Response brief or his subsequently filed Second affidavit. *See Excel Homes*, 7 F. Supp. 3d at 710. Plaintiff's arguments in its Response brief rest entirely on the inadmissible assertions in Abou-Harb's "affidavit," and thus that Response is in effect is a non-response to Defendant's Motion to Dismiss.

However, even treating Defendant's Motion to Dismiss as essentially unopposed, the Court must still address the merits of Defendant's motion and will not grant the motion solely because it is unopposed. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (holding that, instead of granting an unopposed motion to dismiss simply because it is unopposed, the court must determine whether the movant has discharged its burden); *see also Green v. City of Southfield, Michigan*, 759 F. App'x 410, 417 (6th Cir. 2018) (stating "*Carver* simply instructs that where the adverse party has not responded to a motion to dismiss, the district court must consider the evidence presented and make a determination accordingly.").

Accordingly, the Court will next consider whether Defendant has met its "burden of showing that the plaintiff has failed to state a claim for relief." *See Wesley*, 779 F.3d at 428.

**B. Whether Plaintiff's Amended Complaint States a Claim for Trademark Infringement, 15 U.S.C. § 1114(1)(a) (Count I)**

Section 1114(1) of the Lanham Act imposes liability on any entity that "use[s] in commerce any … colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). A trademark is "any word, name, symbol, or device, or any combination thereof ... [used] to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127. "To state a claim for trademark infringement under the Lanham Act, a plaintiff must allege facts establishing that: (1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

Defendant first argues that Plaintiff fails to state a claim for trademark infringement because it claims that "Plaintiff has no ownership or rights to the 'Klatchi Nuts' mark" and that Plaintiff instead "merely imports and distributes Klatchi Nuts." (ECF No. 11, Def. Mot., PageID.65-67.) Defendant further contends that because the Amended Complaint does not allege that the Klatchi Nuts

12

Defendant imports and sells are counterfeit, there cannot be consumer confusion because customers are getting exactly what they bargained for – Klatchi Nuts. (*Id.* at PageID.67-68.)

The Court will address each of those arguments in turn.

### 1. Ownership and use

Defendant first argues that, contrary to Plaintiff's assertion in its Amended Complaint that it is the owner of the marks at issue, Plaintiff "merely imports and distributes Klatchi Nuts" and that the "manufacturer [of Klatchi Nuts] in Lebanon, Universal Need, applied their mark ("Klatchi Nuts") to the packaging of the nuts that they manufacture and process, thereby controlling the nature and quality of their goods." (ECF No. 11, Def. Mot., PageID.67.) The Court finds Defendant's arguments about the validity of Plaintiff's trademark registrations and ownership of the subject mark unpersuasive at this stage of the litigation for the following reasons.

First, Defendant's assertion in its Motion that the alleged manufacturer of Klatchi Nuts is a company called Universal Need located in Lebanon, besides being wholly unsupported, is new evidence, not contained in Plaintiff's Amended Complaint and thus not properly before the Court on a motion to dismiss. "[I]t is black-letter law that, with a few … exceptions, a court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus only on the

allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). As discussed above, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay*, 695 F.3d at 538. A motion to dismiss is not the proper place for presenting new evidence, and unless Defendant points to evidence in the pleadings or in other sources that the Court can consider at this stage, that new evidence cannot be considered by the Court. Defendant fails to make such a showing.

Second, under the Lanham Act, registration of a trademark is prima facie evidence of the mark's validity and the registrant's ownership and exclusive right to the mark. 15 U.S.C. § 1115(a); *Iancu v. Brunetti*, 588 U.S. ___, 139 S. Ct. 2294, 2297 (2019); *Allard Enters., Inc. v. Advanced Programming Res., Inc.*, 249 F.3d 564, 572 (6th Cir. 2001). Further, selling an item that displays a trademark constitutes use of that mark in commerce. *See Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 381 (6th Cir. 2006) ("[W]e can think of no clearer 'use' of goods 'in commerce' than offering them for sale.").

Plaintiff here expressly alleges in its Amended Complaint that it is the owner of the "Klatchi Nuts" trademark, and it attaches as an Exhibit to that Amended Complaint copies of its USPTO Trademark Registrations. (ECF No. 3, FAC ¶ 2,

14

citing Trademark Registrations at Ex. A, PageID.31-32.) Plaintiff further alleges that Defendant "has been intentionally and illegally importing, distributing and selling Klatchi nut products in the US." (*Id.* ¶ 4.) These allegations must be accepted as true on a motion to dismiss.

In trademark infringement suits, "grants of a motion to dismiss are the exception, not the rule." 6 J. McCarthy, TRADEMARKS AND UNFAIR COMPETITION § 32:121.50 (5th ed. 2023). The Court finds, accepting as true the facts as alleged in Plaintiff's Amended Complaint, that Plaintiff has plausibly alleged that it is the owner of the "Klatchi Nuts" mark and that Defendant has used that mark in commerce. Whether there is a genuine issue of disputed fact as to the truth those allegations can be tested on a motion for summary judgment, not at the motion to dismiss stage.

### 2. Confusingly similar

Defendant also disputes whether Plaintiff's Amended Complaint properly alleges likelihood of customer confusion. "The touchstone of liability [for trademark infringement] is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Bliss Collection, LLC v. Latham Companies, LLC*, 82 F.4th 499, 508 (6th Cir. 2023) (quotation marks omitted, quoting *Hensley Mfg.*, 579 F.3d at 613).

Courts consider the following eight factors (sometimes called the *Frisch* factors) when making the "likelihood of confusion" determination: (1) the strength of the plaintiff's mark; (2) the relatedness of the goods or services; (3) the similarity of the marks; (4) evidence of actual confusion; (5) the marketing of channels used; (6) the likely degree of purchaser care; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion in selecting the mark. *Sunless, Inc. v. Palm Beach Tan, Inc.*, 33 F.4th 866, 869 (6th Cir. 2022) (citing *Frisch's Rests., Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982)). "These factors are meant to be 'helpful guides rather than rigid requirements.'" *Bliss Collection*, 82 F.4th at 509 (quoting *Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc.*, 730 F.3d 494, 509 (6th Cir. 2013) (citation omitted)). "The 'ultimate question' in assessing likelihood of confusion is 'whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way." *Dassault Systemes, SA v. Childress*, 828 F. App'x 229, 250 (6th Cir. 2020) (quoting *Interactive Prods. Corp. v. a2z Mobile Off. Sols., Inc.*, 326 F.3d 687, 695 (6th Cir. 2003)).

However, the Sixth Circuit Court of Appeals recently reiterated that "'[g]enerally, dismissal for failure to state a claim upon which relief can be granted is appropriate in only the most *extreme* trademark infringement cases, such as where

16

goods are unrelated as a matter of law, since the likelihood of confusion is generally a question of fact.'" *Bliss Collection*, 82 F.4th at 508 (quoting *Hensley*, 579 F.3d at 613 (emphasis added, citation and quotation omitted)). The Court finds here, accepting Plaintiff's well-pleaded factual allegations as true, that this is not such an "extreme" case.

Defendant fails to address the eight *Frisch* factors in its Motion to Dismiss, and instead contends only that because the Amended Complaint does not allege that the Klatchi Nuts Defendant imports and sells are counterfeit, there cannot be consumer confusion because customers are getting exactly what they bargained for – Klatchi Nuts. (ECF No. 11, Def. Mot., PageID.67-68.) This cursory argument is insufficient to meet Defendant's burden on a motion to dismiss.

"[Plaintiff] is not required to allege facts supporting all of the relevant factors in order to proceed" in this case. *See Sadieboo, Inc. v. MJ Tools Corp.*, 526 F. Supp. 3d 285, 291 (W.D. Mich. 2021) (noting "[a]t this stage, it is enough that [Plaintiff's] complaint alleges facts from which to reasonably infer a likelihood of consumer confusion."). Plaintiff's Amended Complaint alleges that Plaintiff possesses Trademark Registrations that are presumptively valid, the parties' word marks are similar, the parties' products and services are similar, and the parties offer and sell their products through convergent marketing channels, including brick and mortar

17

retail/wholesale stores, the Internet, and through social media. Plaintiff contends that all of this is likely to cause and increase consumer confusion regarding the "origin, sponsorship or approval" of the goods offered by the parties "because [consumers] are likely to believe that the Klatchi Nuts being sold on Defendant's website are identical to, or affiliated with, those of Plaintiff." (ECF No. 3, FAC ¶¶ 2, 7, 19, 26, 32, 40.)

The Court finds that these factual allegations are sufficient to state a plausible claim under the Lanham Act. *See Sadieboo*, 526 F. Supp. 3d at 291 (finding that the plaintiff's allegations that defendant "possesses trademark registrations that are presumptively valid; the parties' word marks are similar; the parties' products and services are similar; and the parties' businesses are located in the same state" "are sufficient to state a viable claim under the Lanham Act."). "Evidence of actual confusion is not necessary at this stage of the case." *Id*. (further noting that "the absence of such evidence 'is rarely significant' at any stage.") (quoting *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 284 (6th Cir. 1997)).

Plaintiff's allegations in its Amended Complaint must be accepted as true when deciding Defendant's motion to dismiss, and whether Plaintiff can ultimately prove such a claim is another matter, and not before the Court at this time. The Court

finds that Plaintiff has sufficiently set forth allegations leading to a plausible inference of liability on Defendant's part in using Plaintiff's trademark in commerce in a way likely to cause confusion.

Accordingly, Defendant's motion to dismiss Count I of Plaintiff's Amended Complaint is denied.

### C. Plaintiff's False Designation of Origin under 15 U.S.C. § 1125(a) Claim and Common Law Trademark Infringement/Unfair Competition Claim (Counts II and III)

Plaintiff also asserts claims against Defendant for False Designation of Origin under the Lanham Act, 15 U.S.C. § 1125(a) (Count II) and Common Law Trademark Infringement and Unfair Competition under Michigan law (Count III.) (ECF No. 3, FAC, ¶¶ 31-43.)

Defendant's entire argument with respect to these two claims is that "False designation of origin, common law trademark infringement, and unfair competition are analyzed under the same standard as Plaintiff's federal trademark infringement claim," and that these claims should be dismissed for the same reasons as Defendant's federal trademark claim under 15 U.S.C. § 1114. (ECF No. 11, Def. Mot., PageID.68.)

The Sixth Circuit uses the same test to decide whether there has been trademark infringement, unfair competition, or false designation of origin – the

likelihood of confusion between the two marks. *See Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006); *see also Geomatrix, LLC v. NSF Int'l*, 82 F.4th 466, 484 (6th Cir. 2023) (stating that the test for relief for trademark and unfair competition claims under both the Lanham Act and Michigan common law is the same "likelihood of confusion" standard) (citations omitted); *Wigs For Kids, Inc. v. Wigs 4 Kids of Michigan, Inc.*, No. 17-11471, 2017 WL 6539271, at *9 (E.D. Mich. Dec. 21, 2017) ("Plaintiff's common law infringement, and unfair competition claims are analyzed similarly to an infringement action brought under the Lanham Act[.]").

For the reasons discussed in the previous section and the Court's finding that Plaintiff has sufficiently set forth allegations of a likelihood of confusion, the Court finds that Defendant has not met its burden to show that Plaintiff has not stated a plausible claim for relief for its claims of False Designation of Origin under the Lanham Act and common law trademark infringement and unfair competition under Michigan law.

Accordingly, Defendant's motion to dismiss Counts II and III of Plaintiff's Amended Complaint therefore is denied.

20

## IV.  CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 11).

The Court **FURTHER DENIES** Plaintiff's request that it be awarded attorneys' fees of $1,500.00 for having to file a Response.

The Court **FURTHER ORDERS** Defendant Aryz Trading LLC to file an Answer to Plaintiff's Amended Complaint within **14 days**, or by **December 4, 2023**. IT IS SO ORDERED.


s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: November 20, 2023

21